UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMAL BABATUNDI AMU'RA EL, Trustee of the Amu'ra Tribe of Indigenous Native American Moors Republic Trust,

                Plaintiff,

-against-

COMMANDING OFFICER JOHN A. MASTRONARDI, New York City Police Department 75th Precinct; OFFICER GESSNER; New York City Police Department 75th Precinct; NORTH AUTO TOWING INC., DOMENICK SALVATO, Chief Executive Officer; DOMENICK SALVATO, Principal Executive Office,

                Defendants.

20-CV-2926 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Jamal Babatundi Amu'ra El, appearing *pro se*, brings this action alleging that Defendants violated his rights in Brooklyn and Queens, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

    For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a

defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[1]

Plaintiff alleges that Defendant Gessner caused Plaintiff's vehicle to be improperly towed from his Brooklyn, New York, residence. When Plaintiff attempted to recover his vehicle from Northside Auto Towing, located in Queens County, he was told that he would not be able to recover his vehicle without a valid driver's license and a payment of $600.00.

Because Plaintiff does not allege that any Defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2).

Plaintiff's claims arose in Brooklyn and Queens, New York, both of which are in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 5, 2020
            New York, New York

                                                   COLLEEN McMAHON
                                                   Chief United States District Judge